## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| SHANE A. KITTERMAN, #B-80577, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. 18-cv-00112-SMY |
| CHRISTOPHER BRINKLEY and JOHANNE HOSCH, | ) ) ) | |
| Defendants. | ) ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

The instant case was severed from a civil rights action that Plaintiff Shane Kitterman filed *pro se* pursuant to 42 U.S.C. § 1983. *Kitterman v. Global Tel-Link Corp., et al.*, Case No. 17-cv-00290-SMY (S.D. Ill.) ("original action"). In the original action, Plaintiff asserted numerous unrelated claims for violations of his constitutional rights against different groups of defendants at Shawnee and Big Muddy River Correctional Centers. Pursuant to *George v. Smith*, 507 F.3d 605 (7th Cir. 2007), the Court severed two retaliation claims (Counts 5 and 6) against Christopher Brinkley and Johanne Hosch into the instant case.

Counts 5 and 6 are now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or

1

(2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint[1]

The complaint allegations that pertain to Christopher Brinkley and Johanne Hosch are summarized as follows. (Doc. 2, pp. 12-15, 23). Plaintiff entered Big Muddy on January 19, 2016. (Doc. 2, p. 6). While working at the prison's law library under the supervision of Johanne Hosch in September 2016, he observed Hosch engage in sexual misconduct with an inmate. (Doc. 2, p. 12). This was one of three incidents that Plaintiff observed. *Id*. He reported his observations pursuant to the Prison Rape Elimination Act and filed a grievance. *Id*. Although Christopher Brinkley was assigned to investigate Plaintiff's report of sexual misconduct, Hosch "self-processed" the grievance. (Doc. 2, p. 13). When she learned that Plaintiff reported her for misconduct, Hosch removed Plaintiff from his job, educational classes and rehabilitative programs. (Doc. 2, pp. 13, 23).

---

[1] The Complaint (Doc. 2) filed in the instant case is the same document that was filed as the Amended Complaint (Doc. 22) in the original action.

Plaintiff began receiving threats from officers who are not named as defendants in this case. (Doc. 2, p. 13). Although he reported the threats, Brinkley ignored them. *Id.* At some point, Plaintiff was actually "assaulted" by the officers "at the behest of Hosch, in retaliation for revealing her sexual misconduct." (Doc. 2, p. 14). Plaintiff offers no details regarding the nature of the assault. *Id.* He filed grievances to complain about it, but Brinkley confiscated the grievances. *Id.*

When Brinkley confirmed that Plaintiff's report of sexual misconduct against Hosch was true, Brinkley also retaliated against Plaintiff. (Doc. 2, p. 14). Brinkley warned Plaintiff to stop making "all" reports of "true incidents of sexual misconduct" by Illinois Department of Corrections employees and threatened to "severely punish" him for future reports. (Doc. 2, pp. 14-15). Plaintiff continued filing grievances. (Doc. 2, p. 15). He also submitted a request for a transfer to a prison "similar in distance [to] his family and with similar programs." (Doc. 2, p. 14). His request was denied, after IDOC determined that Plaintiff was "properly placed." *Id.*

## Discussion

In its Memorandum and Severance Order (Doc. 1), the Court identified two claims against Brinkley and Hosch:

> **Count 5** - First Amendment claim against Brinkley for retaliating against Plaintiff for reporting staff sexual misconduct by threatening him with "severe punishment" for filing all future reports of staff sexual misconduct against IDOC employees and for confiscating, ignoring or failing to investigate his various grievances and complaints.
>
> **Count 6** - First Amendment retaliation claim against Hosch for terminating Plaintiff's employment in Big Muddy's law library, cancelling his enrollment in educational classes, denying him participation in rehabilitation programs and having him assaulted because he reported her for sexual misconduct.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not

constitute an opinion regarding the merits.  **Any claim that is not included in the above-referenced list is considered dismissed without prejudice from this action as improperly pled under the standards set forth in *Twombly*.**

Prison officials may not retaliate against inmates for filing grievances or otherwise complaining about their conditions of confinement.  *See, e.g.*, *Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012); *Walker v. Thompson*, 288 F.3d 1005 (7th Cir. 2002); *DeWalt v. Carter*, 224 F.3d 607 (7th Cir. 2000); *Babcock v. White*, 102 F.3d 267 (7th Cir. 1996); *Cain v. Lane*, 857 F.2d 1139 (7th Cir. 1988).  "A complaint states a claim for retaliation when it sets forth 'a chronology of events from which retaliation may plausibly be inferred.'"  *Zimmerman v. Tribble*, 226 F.3d 568, 573 (7th Cir. 2000) (citation omitted) (reversing district court's § 1915A dismissal because inmate's allegations established that "the exercise of his [First Amendment] right was closely followed by the retaliatory act").

According to the Complaint, Plaintiff was subjected to numerous retaliatory acts by Hosch and/or Brinkley after he reported Hosch for sexual misconduct.  (Doc. 2, pp. 12-15, 23). Hosch allegedly removed him from his law library job, educational class and rehabilitation programs.  *Id*.  Plaintiff claims that Hosch also had him assaulted, although the allegations do not describe the assault in any detail.  *Id*.  Brinkley confiscated Plaintiff's complaints and grievances about Hosch, threatened severe punishment for future complaints, failed to investigate the complaints, and took no action to stop the alleged assault on Plaintiff by other officers.  *Id*.  If their actions were taken in retaliation for the PREA complaints and related grievance(s), then the allegations support a § 1983 claim against Hosch and Brinkley.  *See Bridges v. Gilbert*, 557 F.3d 541, 552 (7th Cir. 2009) (discussing *Howland v. Kilquist*, 833 F.2d 639, 644 (7th Cir. 1987) ("[A]n act in retaliation for the exercise of a constitutionally protected right is actionable under

4

Section 1983 even if the act, when taken for different reasons, would have been proper."). At this early stage, the Court will allow Count 5 to proceed against Defendant Brinkley and Count 6 to proceed against Defendant Hosch.

**Pending Motion**

Plaintiff's Motion for Leave to Proceed *in forma pauperis* (Doc. 6) is **DENIED** as **MOOT**. Plaintiff previously filed a Motion for Leave to Proceed *in forma pauperis* (Doc. 3), which was granted on January 22, 2018.

**Disposition**

**IT IS HEREBY ORDERED** that **COUNT 5** is subject to further review against Defendant **BRINKLEY**, and **COUNT 6** is subject to further review against Defendant **HOSCH.**

With respect to **COUNTS 5** and **6**, the Clerk of Court shall prepare for Defendant **CHRISTOPHER BRINKLEY** and **JOHANNE HOSCH**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Memorandum and Severance Order (Doc. 1), the Complaint (Doc. 2) and this Memorandum and Order to the Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant and the Court will require Defendant to pay the full costs of formal service to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a defendant who cannot be found at the address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as

directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file, nor disclosed by the Clerk.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Reona J. Daly** for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to United States Magistrate Judge **Daly** for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, regardless of the fact that his application to proceed *in forma pauperis* was granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against Plaintiff and remit the balance to Plaintiff.  Local Rule 3.1(c)(1).

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay

in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: March 19, 2018**

**s/ STACI M. YANDLE**
**District Judge**
**United States District Court**