## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

SHANE KITTERMAN,                    )
                                    )
    Plaintiff,              )
                                    )
v.                                  )    Case No. 18-cv-112-SMY-RJD
                                    )
CHRSTOPHER BRINKLEY and JOHANNE )
HOSCH,                              )
                                    )
    Defendants.             )


## ORDER

**DALY, Magistrate Judge:**

    This matter is before the Court on the Motion for Leave to Amend (Doc. 26) filed by Plaintiff and the Motion to Vacate Entry of Default and Motion for Extension of Time to Answer (Doc. 20) filed by Defendant Johanne Hosch.

    Plaintiff Shane Kitterman, an inmate in the custody of the Illinois Department of Corrections ("IDOC"), filed this lawsuit pursuant to 42 U.S.C. § 1983, alleging that his constitutional rights were violated while he was incarcerated at Big Muddy Correctional Center ("Big Muddy") and Shawnee Correctional Center ("Shawnee").   On January 19, 2018, this case was severed from *Kitterman v. Global Tel-Link Corp et al*., 17-290-SMY-RJD.   On March 19, 2018, the Court exercised its authority under § 1915A and Plaintiff was allowed to proceed on the following claims:

> **Count 5:**    First Amendment claim against Brinkley for retaliating against Plaintiff for reporting staff sexual misconduct by threatening him with "severe punishment" for filing all future reports of staff sexual misconduct against IDOC employees and for confiscating, ignoring or failing to investigate his various grievances and complaints.

**Count 6:**   First Amendment retaliation claim against Hosch for terminating Plaintiff's employment in Big Muddy's law library, cancelling his enrollment in educational classes, denying him participation in rehabilitation programs and having him assaulted because he reported her for sexual misconduct.

The Waiver of Service sent to Defendant Johanne Hosch was returned executed (Doc. 9) on April 4, 2018.   Hosch's answer was due on May 21, 2018.   On May 29, 2018, a Motion for Entry of Default Against Hosch (Doc. 13) was filed by Plaintiff.   On May 30, 2018, a Clerk's Entry of Default was entered against Hosch (Doc. 14).   On July 11, 2018, Plaintiff filed a Motion for Default Judgment as to Hosch (Doc. 17) which remains pending before the Court.   On August 6, 2018, Plaintiff filed a Motion to Voluntarily Dismiss Defendant Chris Brinkley (Doc. 18).   On August 29, 2018, Defendant Hosch filed a Motion to Vacate Entry of Default and Motion for Extension of Time to Answer (Doc. 20).   On September 9, 2018, Plaintiff filed a Motion for Summary Judgment (Doc. 22) which remains pending before the Court.   On September 27, 2018, Plaintiff filed a Motion for Leave to Amend (Doc. 26).

### *Motion for Leave to Amend*

Plaintiff seeks to amend the complaint to add two new defendants, Glenda Wortley and Jason Brantley.   In the proposed amended Complaint, Plaintiff sets forth the following claims:

**Count 1:**   First Amendment retaliation claim against Johanna Hosch for terminating Plaintiff's employment in Big Muddy's law library, cancelling his enrollment in educational classes, denying him participation in rehabilitation programs and having him assaulted because he reported her for sexual misconduct.

**Count 2:**   First Amendment claim against Jason Brantley for retaliating against Plaintiff for reporting staff sexual misconduct by threatening him with "severe punishment" for filing all future reports of staff sexual misconduct against IDOC employees and for confiscating, ignoring or failing to investigate his various grievances and complaints.

**Count 3:**   First Amendment claim against Glenda Wortley, the transfer coordinator, for retaliating against Plaintiff for filing grievances and reporting staff

sexual misconduct by conspiring with Brantley and Hosch to have Plaintiff transferred to a disciplinary prison without a substance abuse program.

Federal Rule of Civil Procedure 15(a) provides that a party may amend a pleading and that leave to amend should be freely given "when justice so requires." The Seventh Circuit maintains a liberal attitude toward the amendment of pleadings "so that cases may be decided on the merits and not on the basis of technicalities." *Stern v. U.S. Gypsum, Inc.*, 547 F.2d 1329, 1334 (7th Cir. 1977). The Circuit recognizes that "the complaint merely serves to put the defendant on notice and is to be freely amended or constructively amended as the case develops, as long as amendments do not unfairly surprise or prejudice the defendant." *Toth v. USX Corp.*, 883 F.2d 1297, 1298 (7th Cir. 1989); *see also Winger v. Winger*, 82 F.3d 140, 144 (7th Cir. 1996). "Reasons for finding that leave should not be granted include undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Airborne Beepers & Video, Inc. v. AT & T Mobility LLC*, 499 F.3d 663, 666 (7th Cir. 2007).

Plaintiff's motion to amend is timely filed and will not prejudice Defendants. The Court being fully advised, hereby grants Plaintiff's Motion for Leave to Amend (Doc. 26). Plaintiff proceeds in this case on the claims against Defendants Hosch, Brantley, and Wortley as set forth above.

### *Motion to Vacate Entry of Default*

Counsel for Defendant Hosch asserts the Illinois Attorney General's office was unaware of this severed case at the time Defendant Hosch's answer was due. Defendant Hosch argues the failure to appear was the result of confusion as to the status of Plaintiff's numerous lawsuits.

Plaintiff has filed nine lawsuits in federal court, some of which have been severed into multiple separate actions, including the instant action. Additionally, Plaintiff has filed lawsuits in state court. Defendant Hosch asserts that the Illinois Attorney General's office is representing IDOC defendants in these lawsuits and the assigned counsel in this case is representing IDOC defendants in four other lawsuits filed by Plaintiff. Defendant Hosch argues that quick action was taken to correct the failure upon realizing the confusion and that there are meritorious defenses to Plaintiff's Complaint. Defendant further argues Plaintiff will suffer no prejudice as a result of vacating the entry of default.

Under Rule 55(c), an entry of default may be set aside for good cause. FED. R. CIV. P. 55(c). The Seventh Circuit has remarked that in order to vacate an entry of default, the moving party must show: "(1) good cause for the default; (2) quick action to correct it; and (3) a meritorious defense to the complaint." *Cracco v. Vitran Exp., Inc.,* 559 F.3d 625, 630-631 (7th Cir. 2009). (internal quotations omitted).

Here, the Court finds that Defendant has shown good cause for her default. Defendant explains that her failure to file an answer was due to confusion on the part of the Illinois Attorney General's Office, rather than her own failure to actively litigate this case. Defendant further explains that her counsel acted quickly in seeking to correct their mistake, filing a motion for extension of time to answer shortly after they realized their error and current counsel entered his notice of appearance in this case. Finally, Defendant asserts she has meritorious defenses to Plaintiff's Complaint, including the defense that Plaintiff failed to exhaust administrative remedies prior to filing the lawsuit. The Court agrees with Defendant that entering default judgment would undermine the notion that cases should be decided on the merits. Entering default judgment at this juncture would not serve the interests of justice. Defendant Hosch's Motion to Vacate Entry

of Default (Doc. 20) is **GRANTED**.  The Clerk's Entry of Default as to Johanna Hosch is **VACATED**.  In light of the Entry of Default being vacated, the Court finds Plaintiff's Motion for Default Judgment as to Johanne Hosch (Doc. 17) is **MOOT**.

Plaintiff's Motion for Leave to Amend (Doc. 26) is **GRANTED**.  The Clerk of Court is **DIRECTED** to file Plaintiff's proposed amended complaint as submitted on September 27, 2018 as the First Amended Complaint.   The Clerk of Court shall prepare for Defendants Jason Brantley and Glenda Wortley:  (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).   The Clerk is **DIRECTED** to mail these forms, a copy of the First Amended Complaint, and a copy of this Order to Defendants' place of employment as identified by Plaintiff.  If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

Additionally, Plaintiff's motion for leave to amend includes a Motion to Withdraw Plaintiff's Motion for Summary Judgment (Doc. 22) and Motion to Serve Subpoena (Doc. 23). Plaintiff's Motion to Withdraw Documents 22 and 23 is **GRANTED**.  Plaintiff's Motion to Voluntarily Dismiss Defendant Chris Brinkley (Doc. 18) is **MOOT** upon the filing of the First Amended Complaint.

**IT IS SO ORDERED.**

**DATED:   December 13, 2018**

s/ *Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**