IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

SHANE A. KITTERMAN, )
)
    Plaintiff, )
)
v. ) Case No. 18-cv-112-RJD
)
JOHANNE HOSCH and GLENDA )
WORTLEY, )
)
    Defendants. )

**ORDER**

**DALY, Magistrate Judge:**

Plaintiff Shane Kitterman, an inmate in the custody of the Illinois Department of Corrections ("IDOC"), brings this lawsuit pursuant to 42 U.S.C. § 1983 alleging his constitutional rights were violated while he was incarcerated at Big Muddy River Correctional Center ("Big Muddy"). Plaintiff proceeds in this action on the following claims:

    Count One: First Amendment retaliation claim against Johanne Hosch for terminating Plaintiff's employment in Big Muddy's law library, cancelling his enrollment in education classes, denying him participation in rehabilitation programs, and having him assaulted because he reported her for sexual misconduct.

    Count Three: First Amendment claim against Glenda Wortley, the transfer coordinator, for retaliating against Plaintiff for filing grievances and reporting staff sexual misconduct by conspiring with Brantley and Hosch to have Plaintiff transferred to a disciplinary prison without a substance abuse program.

Defendants filed a motion for summary judgment arguing Plaintiff failed to exhaust his administrative remedies prior to filing this lawsuit (Doc. 49). In their motion, Defendants contend Plaintiff never exhausted any grievances regarding the actions alleged in this lawsuit, despite having knowledge of the exhaustion process. In support of their argument, Defendants

provided declarations from Shane Tasky, the Grievance Officer supervisor at Big Muddy (Doc. 53-5), and Leslie McCarty, the Administrative Review Board ("ARB") supervisor in the Office of Inmate Issues in the IDOC (Doc. 53-6), in which they indicate that their respective records do not contain any grievance involving complaints about Johanne Hosch or Glenda Wortley. Defendants also explain that a cumulative counseling summary entry dated November 18, 2016 may refer to issues concerning Count One (*see* Doc. 53-4 at 3); however, the counselor's entry indicated that the grievance was responded to on November 18, 2016, and because there is no further record of this grievance, it was not appealed to the Grievance Officer or ARB.

Along with their Motion, Defendants filed a Rule 56 Notice informing Plaintiff of his obligation to file a response to their motion within thirty days and advising him of the perils of failing to respond (*see* Doc. 51). Plaintiff sought an extension of time to respond to Defendants' motion, and it was granted. Plaintiff was to file his response by November 1, 2019 (*see* Doc. 59). On October 18, 2019, Plaintiff filed a notice of change of address (Doc. 61). Plaintiff then filed a second motion for extension of time to respond to Defendants' motion on November 1, 2019 (Doc. 62). The Court granted Plaintiff's motion for extension of time, and ordered him to respond to Defendants' motion by December 4, 2019 (Doc. 63). The Court's Order was mailed to Plaintiff at the address indicated in his notice of change of address submitted on October 18, 2019. The Order was returned as undeliverable on November 26, 2019, despite being mailed to Plaintiff's most recent address. As of the date of this Order, Plaintiff has not responded to Defendants' motion.

## Legal Standards

### *Summary Judgment Standard*

Summary judgment is appropriate only if the moving party can demonstrate "that there is

no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322(1986); *see also Ruffin-Thompkins v. Experian Information Solutions, Inc.*, 422 F.3d 603, 607 (7th Cir. 2005). The moving party bears the initial burden of demonstrating the lack of any genuine issue of material fact. *Celotex*, 477 U.S. at 323. Once a properly supported motion for summary judgment is made, the adverse party "must set forth specific facts showing there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Estate of Simpson v. Gorbett*, 863 F.3d 740, 745 (7th Cir. 2017) (quoting *Anderson*, 477 U.S. at 248). In considering a summary judgment motion, the district court views the facts in the light most favorable to, and draws all reasonable inferences in favor of, the nonmoving party. *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 735 F.3d 962, 965 (7th Cir. 2013) (citation omitted).

*Exhaustion Requirements*

Pursuant to 42 U.S.C. § 1997e(a), prisoners are required to exhaust available administrative remedies prior to filing lawsuits in federal court. "[A] prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies." *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). "[A]ll dismissals under § 1997e(a) should be without prejudice." *Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004).

An inmate in the custody of the Illinois Department of Corrections must first submit a written grievance within 60 days after the discovery of the incident, occurrence or problem, to his or her institutional counselor, unless certain discrete issues are being grieved. 20 ILL. ADMIN. CODE § 504.810(a). If the complaint is not resolved through a counselor, the grievance is considered by a Grievance Officer who must render a written recommendation to the Chief Administrative Officer — usually the Warden — within 2 months of receipt, "when reasonably feasible under the circumstances." *Id*. §504.830(e). The CAO then advises the inmate of a decision on the grievance. *Id.*

An inmate may appeal the decision of the Chief Administrative Officer in writing within 30 days to the Administrative Review Board for a final decision. *Id.* § 504.850(a); *see also Dole v. Chandler*, 438 F.3d 804, 806–07 (7th Cir. 2006). The ARB will submit a written report of its findings and recommendations to the Director who shall review the same and make a final determination within 6 months of receipt of the appeal. 20 ILL. ADMIN. CODE § 504.850(d) and (e).

An inmate may request that a grievance be handled as an emergency by forwarding it directly to the Chief Administrative Officer. *Id.* § 504.840. If it is determined that there exists a substantial risk of imminent personal injury or other serious or irreparable harm, the grievance is handled on an emergency basis, which allows for expedited processing of the grievance by responding directly to the offender. *Id.* Inmates may further submit certain types of grievances directly to the Administrative Review Board, including grievances related to protective custody, psychotropic medication, and certain issues relating to facilities other than the inmate's currently assigned facility. *Id.* at § 504.870.

### Discussion

Based on the evidence in the record, the Court finds Plaintiff failed to exhaust his administrative remedies prior to filing this lawsuit[1]. Indeed, there is no competent evidence in the record that Plaintiff submitted a grievance concerning the issues in this lawsuit or properly appealed any such grievance to the Grievance Officer or ARB in accordance with Illinois statutory requirements. Although the Court recognizes Plaintiff's allegations in his complaint concerning his attempts to exhaust his administrative remedies, his allegations were not verified and are therefore not evidence that may be considered at this stage in the proceedings. *See* Fed. R. Civ. P. 56(c)(1)(A), (e); *Reed v. Allied Waste Transp., Inc.*, 621 F. App'x 345, 347 (7th Cir. 2015) ("unsworn allegations are not evidence."); *cf. Ford v. Wilson*, 90 F.3d 245, 247 (7th Cir. 1996) (finding the plaintiff converted the complaint into an affidavit by declaring under penalty of perjury that the complaint was true and signing it).

### Conclusion

Based on the foregoing, the Motion for Summary Judgment on the Issue of Exhaustion of Administrative Remedies filed by Defendants Hosch and Wortley (Doc. 49) is **GRANTED**. This matter is **DISMISSED WITHOUT PREJUDICE**. The Clerk of Court is directed to enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: March 11, 2020**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**

---

[1] As Plaintiff did not file a response to Defendants' motion for summary judgment, despite having ample time and opportunity to do so, a hearing to resolve factual disputes is not necessary. *See generally Pavey*, 544 F.3d 739.