IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SHANE A. KITTERMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.  18-cv-112-RJD |
| ) | |
| JOHANNE HOSCH, et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER**

**DALY, Magistrate Judge:**

This matter is before the Court on Plaintiff Shane Kitterman's Motion to Alter or Amend Judgment (Doc. 79). For the reasons set forth below, the Motion is **DENIED**.

**<u>Background</u>**

Plaintiff Shane Kitterman, an inmate in the custody of the Illinois Department of Corrections ("IDOC"), filed this lawsuit pursuant to 42 U.S.C. § 1983 alleging his constitutional rights were violated while he was incarcerated at Big Muddy River Correctional Center ("Big Muddy"). Plaintiff was allowed to proceed on the following claims:

Count One: First Amendment retaliation claim against Johanne Hosch for terminating Plaintiff's employment in Big Muddy's law library, cancelling his enrollment in education classes, denying him participation in rehabilitation programs, and having him assaulted because he reported her for sexual misconduct.

Count Three: First Amendment claim against Glenda Wortley, the transfer coordinator, for retaliating against Plaintiff for filing grievances and reporting staff sexual misconduct by conspiring with Brantley and Hosch to have Plaintiff transferred to a disciplinary prison without a substance abuse program.

On March 11, 2020, the Court entered an order granting summary judgment in favor of Defendants on the issue of exhaustion of administrative remedies (Doc. 77). In the Court's order,

the undersigned explained that Plaintiff had sought extensions of time to respond to Defendants' motion, which were granted; however, he ultimately failed to respond by the deadline of December 4, 2019, despite having almost eight months to do so. The Court notes that the order setting Plaintiff's response deadline as December 4, 2019 was returned as undeliverable, but it was mailed to Plaintiff's most recent address and was also sent to his email address on file.

In the motion now before the Court, Plaintiff asserts he was unlawfully seized and restrained in November and December 2019 (presumably at the St. Clair County Jail) and that, prior to the Court ruling on his motion for extension of time, he was released from detention and his legal mail was not forwarded to his home address. Plaintiff asserts that upon his release he submitted a change of address. Plaintiff contends he never received an order directing him to file his response by a certain date. Plaintiff asks that the Court consider his response to Defendants' motion for summary judgment that he included with his motion to alter or amend judgment.

Defendants object to Plaintiff's request, arguing Plaintiff has failed to show any manifest error of law or fact. Defendants assert that Plaintiff has failed to show how his incarceration at the St. Clair County Jail in November and December 2019 prevented him from filing a response to their motion that was filed in April 2019.

### Discussion

Plaintiff indicates his motion to alter or amend is brought pursuant to Federal Rule of Civil Procedure 59; however, the Court finds it appropriate to consider Plaintiff's motion under both Rule 59 and Rule 60 of the Federal Rules of Civil Procedure.

Rule 59(e) provides a basis for relief where a party challenges the Court's application of the law to the facts of the case. *See Osterneck v. Ernst & Whinney*, 489 U.S. 169, 174-76 (1989) (concluding that Rule 59(e) was intended to apply to the reconsideration of matters encompassed

within the merits of a judgment). While Rule 59(e) permits a district court to exercise its discretion to correct its own errors, sparing the time and expense of further proceedings at the appellate level, *Divane v. Krull Elec. Co. Inc.*, 194 F.3d 845, 848 (7th Cir. 1999), "ill-founded requests for reconsideration of issues previously decided … needlessly take the court's attention from current matters." *Berger v. Xerox Ret. Income Guar. Plan*, 231 F.Supp.2d 804, 820 (S.D. Ill. 2002). Typically, Rule 59(e) motions are granted upon a showing of either newly discovered evidence not previously available or evidence in the record that clearly establishes a manifest error of law or fact. *Sigsworth v. City of Aurora, Ill.*, 487 F.3d 506, 511-12 (7th Cir. 2007); *Romo v. Gulf Stream Coach, Inc.*, 250 F.3d 1119, 1121 n.3 (7th Cir. 2001). "[M]anifest error is not demonstrated by the disappointment of the losing party. It is the wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (internal citations omitted). A proper motion to reconsider does more than take umbrage and restate the arguments that were initially rejected during the summary judgment phase. *County of McHenry v. Ins. Co. of the West*, 438 F.3d 813, 819 (7th Cir. 2006); *Ahmed v. Ashcroft*, 388 F.3d 247, 249 (7th Cir. 2004); *Oto*, 224 F.3d at 606.

Rule 60(b) contains a more exacting standard than Rule 59(e), although it permits relief from a judgment for a number of reasons including mistake, fraud, misrepresentation, or misconduct by an opposing party, or "any other reason that justifies relief." FED. R. CIV. P. 60(b). In contrast to Rule 59(e), however, legal error is not an appropriate ground for relief under Rule 60(b). *Gleash v. Yuswak*, 308 F.3d 758, 761 (7th Cir. 2002) ("A contention that the judge erred with respect to the materials in the record is not within Rule 60(b)'s scope, else it would be impossible to enforce time limits for appeal."). Relief under Rule 60(b) is an extraordinary remedy and is only granted in exceptional circumstances. *United States v. 8136 S. Dobson St.,*

*Chicago Ill.*, 125 F.3d 1076, 1082 (7th Cir. 1997).

Here, Plaintiff fails to identify any manifest error of law or fact, or any mistake, fraud, or misrepresentation that supports reconsideration of the Court's previous decision. The Court also finds no basis for excusable neglect in the late filing of Plaintiff's response to Defendants' motion. Plaintiff had ample time and opportunity to respond to Defendants' motion. Defendants' motion was filed on April 19, 2019. Plaintiff clearly received the motion and understood it was necessary to respond because he twice requested extensions of the deadline to do so. While the Court acknowledges Plaintiff's claim that he was detained at the Jail in November and December 2019, and did not receive the Court's Order (dated November 4, 2019), setting his deadline to respond as December 4, 2019, such an excuse is inappreciable. Prior to the Court setting the deadline for December 4, 2019, Plaintiff knew his deadline to respond was November 1, 2019. Thus, if Plaintiff was concerned about his deadline or unaware if the Court extended the deadline, he could have either filed a response or again filed an extension of time to respond. Also, Plaintiff only asserts he was detained at the County Jail in November and December 2019; however, he made no effort to respond after he was no longer detained, despite knowing Defendants' motion was pending and, presumably, his deadline to respond had passed. Notably, Plaintiff was able to file a response to a show cause order and a notice of change of address on February 24, 2020 (Docs. 73 and 75), but made no mention of the pending motion for summary judgment or needing additional time to respond to the same. Finally, the Court notes its November 4, 2019 order granting Plaintiff's extension of time was sent to both Plaintiff's last known physical address on file, as well as his email address on file. Thus, the Court in no way contributed to any delay or confusion to excuse Plaintiff's failure in filing a timely response to Defendants' motion.

## Conclusion

Based on the foregoing, Plaintiff's Motion to Alter or Amend Judgment (Doc. 79) is **DENIED**.

**IT IS SO ORDERED.**

**DATED: November 3, 2020**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**
